[Civ. No. 41045. Second Dist., Div. One. June 28, 1974.]

SALVADOR C. HERNANDEZ, Plaintiff and Appellant, v.
TAD FUJIOKA et al., Defendants;
NED GOOD et al., Claimants and Respondents.

**COUNSEL**

Eugene E. Glushon for Plaintiff and Appellant.

Ned Good, in pro. per., and Sam Shore for Claimants and Respondents.

**OPINION**

**THOMPSON, J.**—In this appeal from "post judgment orders" of the trial court, we consider the power of that court to award counsel fees to attorneys discharged by a guardian ad litem after they had negotiated a settlement, the propriety of trial court action allocating among a surviving husband and children an agreed amount of damages for the wrongful death of a wife and mother, and the power of the trial court to award attorneys' fees to various associated counsel for a guardian ad litem representing minor plaintiffs in a manner contrary to the agreement among counsel. We conclude that the trial court had jurisdiction to award counsel fees, that appellant has not demonstrated any error in the allocation of the settlement, and that the trial court was required, on the record here, to consider individually the services rendered to the guardian ad litem by various counsel in determining the fees awarded to them. While we thus affirm the orders, we conclude also that because of highly unusual circumstances here present the matter should be remanded to the trial court so that it may consider whether lack of independent representation of minor plain-

tiffs in the face of a conflict of interest of the guardian ad litem and all counsel requires the appointment of a general guardian of the estates of two minor children represented by the guardian ad litem.[1]

On October 21, 1967, Mrs. Eustacia Rosemary Hernandez died as the result of the apparent medical malpractice of physicians and of the employees of two hospitals. Mrs. Hernandez was survived by her husband, Salvador Hernandez, the appellant in this proceeding, and by two minor children. Acting without counsel, Mr. Hernandez compromised his claim and that of his children for wrongful death for the amount of $46,000, payable $34,000 to Mr. Hernandez and $6,000 to each of the children. On February 13, 1968, Mr. Hernandez retained Eugene E. Glushon, an attorney at law, to represent him in an effort to set aside the compromise and agreed to pay him a contingent fee of 50 percent secured by a lien on any recovery. On Glushon's motion, the compromise was set aside in April 1968 on condition that the $46,000, plus interest at 7 percent, be returned to the persons by whom it was paid.

Hernandez was appointed guardian ad litem for the two minor children. A wrongful death action was filed by Mr. Hernandez individually and as guardian ad litem. Glushon advised that an effort be made to settle the claims for $120,000. An offer to compromise the matter for that amount was made to the defendants in the wrongful death action but no response was received. On August 20, 1970, Glushon, with the consent of his client, associated Ned Good, an experienced trial lawyer specializing in personal injury matters, to try the lawsuit. The arrangement is confirmed in a letter by which Glushon and Good agree to share the "profits" from their representation equally, but Glushon is to perform only such services as Good shall require. Subsequently, with the consent of all concerned, Mr. Good associated Sam Shore, an experienced trial attorney with a background in medicine, as co-counsel for the plaintiffs in the action. Good agreed to pay one-half his fee to Shore.

Trial of the wrongful death action against the defendants named in it commenced. As a matter of tactics, a substitution of attorneys was executed by Mr. Hernandez by which Good became sole counsel for the guardian ad litem while Glushon and Shore were nominally counsel for Mr. Hernandez individually although only Shore acted for him in the trial. In the course of the trial, facts developed supporting a claim for punitive damages against the defendants. Having failed to obtain leave of court to amend the action in trial to assert a punitive damage claim, Shore and

---

[1]Respondents renew a motion to dismiss the appeal. The motion is denied.

Good, as counsel for the plaintiffs, filed a separate action. Glushon did not appear as an attorney of record in that case. On July 16, 1971, after a protracted period of trial, Good and Shore, with the consent of Mr. Hernandez and Glushon, entered into a settlement of the matter with Loma Linda University Hospital, one of the several defendants. The settlement with Loma Linda provided that the hospital would pay the plaintiffs in the action the difference if any between $500,000 and the amount of the judgments obtained against the other defendants. A second settlement was reached with City View Hospital, a second defendant, by which City View agreed to pay the plaintiffs $15,000. The trial continued against the remaining defendants, resulting in a verdict of $385,000. Notice of appeal was filed by the defendants against whom a judgment in that amount was entered, and Loma Linda University Hospital asserted offsets against its obligation in settlement. Glushon reentered the case seeking to negotiate a settlement with the various defendants which seriously threatened the result achieved to that point. With Mr. Hernandez' approval, Good directed a letter to Glushon instructing him to stay out of the matter. Mr. Hernandez became dissatisfied with delay in receiving the proceeds of the litigation and directed Good and Shore to reach a settlement of the matter at a figure less than their professional opinion led them to believe was justified. Good and Shore followed Mr. Hernandez' instructions. Using the leverage of the pending lawsuit for punitive damages which they settled for $5,000 as part of a total package, they reached an agreement by which the plaintiffs received approximately $545,000, including interest and costs. Costs were allocated $6,435.35 to Mr. Hernandez as an individual plaintiff, and $3,274.40 to Mr. Hernandez as guardian ad litem for the children suing through him.

On January 28, 1972, after the settlement was negotiated but before the court approved it as to the minor plaintiffs, Mr. Hernandez sought to substitute Glushon as his sole counsel and to discharge Good and Shore. The latter refused the substitution. On March 13, 1972, Mr. Hernandez personally and as guardian ad litem unilaterally discharged Good and Shore as attorneys. On March 16, he noticed a motion for substitution. On March 21, Mr. Hernandez filed a "Petition to Allocate Funds as Between Heirs Pursuant to Section 377, C.C.P." seeking two-thirds of the compromise amount individually, with one-third to be allocated to the two children. At the same time, he "lodged" an "advisory petition" as guardian ad litem with Glushon as counsel stating by letter to the court that he could not formally file it because Glushon was not his attorney of record. In response to an application to shorten time for hearing on the various matters before it, the court informed all concerned that it would hear all matters

involved in the motion to substitute attorneys, petition to allocate the award, and advisory petition to approve the compromise and to award attorneys' fees at one time. Glushon agreed to that procedure on behalf of Mr. Hernandez.

Hearing on the combined matters commenced March 27 with the motion to substitute counsel being heard first. After extensive testimony over three days in which it developed that Mr. Hernandez as guardian ad litem sought to substitute Glushon for the two children in lieu of Good so that counsel for the minors would agree to Mr. Hernandez' petition for two-thirds of the compromise award, the trial judge denied the motion to substitute counsel for the guardian ad litem while granting the motion for substitution as to Mr. Hernandez individually and as to the second case involving the claim for punitive damages. Although the motion to substitute counsel of record for the guardian ad litem was denied, Hernandez was in fact represented at all times thereafter by Glushon and Max Fink, an attorney specially associated by Glushon for that purpose. Mr. Hernandez having made but then withdrawn an objection to further proceedings, the court heard the matter of allocation of the award. It allocated it one-third to Mr. Hernandez individually and one-third to each of the two children. Through counsel, Mr. Hernandez objected to the trial court's proceeding to the matter of approving the compromise and to the award of attorneys' fees payable by the guardian ad litem on behalf of the children. The objection having been overruled, the trial court approved the compromise and awarded fees of $54,330.30 to Glushon, and $108,660.60 jointly to Good and Shore, all for services to the minors. The order of compromise provides, in addition, that the compromising defendants shall issue their additional check for $85,617.30 payable to Glushon, Good, and Shore, and deliver it to Good. That amount represents the total fee payable by Mr. Hernandez individually to his counsel per the contingent fee agreement executed by him.

On this appeal from those orders, appellant, Hernandez, contends: (1) the trial court erred in denying his motion as guardian ad litem to substitute counsel; (2) the court abused its discretion in allocating the award among Hernandez personally and his children; (3) the court lacked jurisdiction to award counsel fees to Good and Shore; and (4) it also lacked jurisdiction to enter an order dividing fees among counsel. The contentions lack merit in the context in which they are made.

■ *Substitution of Attorneys.* Citing *Fracasse* v. *Brent,* 6 Cal.3d 784 [100 Cal.Rptr. 385, 494 P.2d 9], and its underpinning, appellant contends that he had an absolute right to discharge Good and Shore as his counsel

so that the trial court order denying his motion to substitute is erroneous. We do not reach the issue of the applicability of the rule of *Fracasse* to the situation of a guardian ad litem who seeks to discharge counsel to achieve a purpose adverse to the interests of the wards for whom he is a fiduciary. (See *Berry* v. *Chaplin,* 74 Cal.App.2d 652, 657-658 [169 P.2d 442].) The only harm asserted by Hernandez on this appeal is that the denial of his motion by the court resulted in the children, who were his wards, getting a greater portion of the award than they would have secured had the motion been granted. Since Hernandez prosecutes this portion of the appeal in his capacity as guardian ad litem and not individually, he is in no position to complain of error in the order if any there were. In that capacity, he is not a party aggrieved by the order.

■ *Allocation of Award.* We cannot, on the record brought to us on this appeal, conclude that the trial court erred in apportioning the compromise award one-third to each of the plaintiffs. Code of Civil Procedure section 377 requires that the court determine the "respective rights" of the parties in a wrongful death award. Each is entitled "to share in the fund in the proportion that his personal damage bears to the damage suffered by the others." (*Changaris* v. *Marvel,* 231 Cal.App.2d 308, 313 [41 Cal.Rptr. 774].) Here the trial judge heard evidence over many weeks of trial bearing upon the relative damage caused by the death of a wife and mother to the three plaintiffs in the wrongful death action. Appellant points to nothing in the record of proceedings at the trial itself which detracts from the determination made by the trial court. He has not brought a transcript of those proceedings to us on this appeal.

Appellant argues only that the allocation is erroneous because it is contrary to a custom and because it is contrary to an allocation of costs previously made by the court. He, however, cites us to no support for the "custom" and the cost allocation is irrelevant, based as it is upon costs expended by each of the parties and not upon the damage suffered by them.

■ *Award of Counsel Fees.* Appellant contends that the trial court lacked jurisdiction to award counsel fees payable by the guardian ad litem on behalf of the children because there was no petition seeking determination of fees before the court, because the attorneys to whom the fees had been awarded had been discharged, and because fees should be awarded to the guardian and not to counsel. Appellant's first argument misstates the record. Albeit somewhat informally by reason of the confusion caused by the conflict of interest between the guardian ad litem and Glushon on the one hand, and the children on the other, the matter of fees was before the trial court and all concerned had been notified of that fact and had

initially acquiesced in it. It was not until things had gone badly for Hernandez in the matter of allocation of the award among the parties that his acquiescence was withdrawn. The other arguments misstate the law. Probate Code section 1510 provides in pertinent part: "If the court approves a compromise of . . . a minor's disputed claim for damages . . . . If the money . . . to be paid or delivered . . . exceeds ten thousand dollars . . . and there is no guardian of the estate of the minor . . . such court shall require a guardian of the estate to be appointed . . . or in lieu of the appointment of a guardian of the estate, shall require that the remaining balance of any money paid or to be paid under such compromise . . . after payment of all expenses, costs and fees as approved and allowed by the court, be deposited in a bank . . . . [¶] Upon approval of a compromise . . . of a pending action . . . to which a minor . . . is a party . . . providing for the payment . . . of money . . . , the court making the order . . . , and as a part thereof, shall make a further order authorizing and directing a . . . guardian of the minor . . . or the payer of any money to be paid for the benefit of such [minor], to pay from the money . . . such reasonable expenses . . . costs and attorney's fees as the court shall approve and allow therein . . . ." Here there was a compromise of a pending action calling for the payment of money in the amount of more than $10,000 to the two minors. Probate Code section 1510 is specific that in this situation the court may order the payor to pay reasonable attorney's fees from the sums payable to the minors. That is what the trial court did here. Appellant inferentially contends that the rule of *Fracasse* v. *Brent, supra,* 6 Cal.3d 784, is a limitation upon Probate Code section 1510 which bars application of that statute where an attorney has been discharged. If *Fracasse* held that a discharged attorney was not entitled to compensation, the contention might have merit. But because *Fracasse* holds that an attorney retained on a contingent fee is entitled to reasonable compensation not in excess of the agreed fee if discharged, the argument is specious. The trial court in its order did no more than determine reasonable fees for the discharged attorneys.

■ *Allocation of Fees.* Arguing that the agreement to share equally "profits" from the litigation precludes the court from awarding fees in a different proportion, appellant contends that the trial court erred in awarding more in fees to Good and Shore together than it did to Glushon. The contention ignores the obligation of the trial court in setting counsel fees pursuant to Probate Code section 1510. The court is required, despite any agreement to the contrary, to determine reasonable fees of counsel. Of necessity, that requirement imposes an obligation upon the court to determine the reasonable compensation of each lawyer where co-counsel,

acting in association, have represented a minor in the litigation. While any agreement limiting fees to be sought by Good and Shore may well have had the effect of limiting the fees payable to them by the guardian ad litem,[2] the limitation is not one that can be asserted to increase the fee payable to Glushon over that which is determined to be reasonable by the trial court. Moreover, appellant makes no contention that Good and Shore received more than one-half of the "profit." His argument is directed solely to the allocation of gross fees, something much different.

■ Appellant argues further that the trial court erred in its treatment of the fee payable by Hernandez personally and not as guardian ad litem to Glushon, Good, and Shore, contending that because *Fracasse* holds that a discharged attorney is not entitled to his agreed contingent fee, the trial court erred in allocation. The argument is frivolous. The trial court did not allocate the fee payable by Hernandez individually among Glushon, Good, and Shore. It merely required that the payors of the compromise settlement deliver a check payable to Glushon, Good, and Shore, to Good. Implicit in that order is the requirement that Good disburse the fund only as determined by subsequent agreement or by litigation. Although Good and Shore had been discharged by Hernandez after they had achieved the result he sought, they were nevertheless entitled to the reasonable value of the services performed by them. They were properly the beneficiaries of a payment on account of fees, as were Glushon and Hernandez. Appellant having taken no subsequent action to determine relative interests in the amount represented by the check to Good, Shore, and his counsel Glushon, he has left us with nothing concerning the issue which is reviewable on appeal.

*Disposition.* Review of the record of post-settlement proceedings before us is disquieting. Appellant, Hernandez, was vigorous in asserting his right to a greater portion of the award at the expense of his children. Various counsel have exhibited a deep concern over their respective fees. But virtually nothing was presented at trial on behalf of the minor children for whose protection the guardianship ad litem existed. However, while there is the nagging thought that perhaps the two wards were in some fashion prejudiced by lack of independent representation on the issue of the reasonableness of the respective fees of Messrs. Glushon, Good, and

[2]Appellant, as guardian ad litem, did not assert such a contention in his opening brief. He made an inferential reference in his closing brief that as guardian ad litem he was aggrieved by the allocation. Appellant did raise the issue in oral argument. At that point, it was not timely.

Shore, the incomplete record before us on this appeal does not establish that fact beyond question.[3]

We therefore affirm the judgment (orders) from which this appeal has been taken, but remand the matter to the trial court so that it may, if it deems appropriate, modify its order of distribution to appoint a general guardian for the estates of the minor children. That court, having observed the conduct of the trial which led to the compromise, is better able than we to determine whether the proceedings after settlement may have victimized the wards. If such be the case, an equitable proceeding by a general guardian to reopen the matter may be appropriate. Respondents are awarded their costs on appeal.

Wood, P. J., and Hanson, J., concurred.

---

[3]We do not imply that such representation is required in all cases where the court acts pursuant to Probate Code section 1510. The circumstances here are exceptional.