QUONG HAM WAH COMPANY *v.* INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 638.   Argued March 9, 1921.—Decided March 21, 1921.

1. This court is without authority to review and revise the construction affixed upon a state statute as to a state matter by the court of last resort of the State. P. 448.
2. Where the state court, construing a state statute granting a privilege to citizens of the State, decided that, taken with Art. IV, § 2, of the Constitution, it must be applied as granting the same privilege to citizens of other States as well, *held*, that insistence in this court that the statute violated that provision of the Constitution by confining the privilege to citizens of the State, was frivolous and would not support a writ of error to review the judgment. P. 449.

Writ of error to review 192 Pac. Rep. 1021, dismissed.

THIS was a writ of error to review a judgment of the Supreme Court of California affirming an award made by the State Industrial Accident Commission under a Workmen's Compensation Law.

*Mr. Warren Gregory,* with whom *Mr. Allen L. Chickering* and *Mr. Delger Trowbridge* were on the brief, for plaintiff in error:

The judgment of the court below that plaintiff in error, although a resident of California, could nevertheless

attack the validity of the statute, is clearly correct.  *Bu-chanan* v. *Warley,* 245 U. S. 60; *Heim* v. *McCall,* 239 U. S. 175; *Crane* v. *New York,* 239 U. S. 195; *New York Life Ins. Co.* v. *Hardison,* 199 Massachusetts, 190.

If the statute gives a right to a resident of California which is not given to a non-resident of that State, then it is clearly violative of § 2 of Art. IV of the Constitution and also of § 1 of the Fourteenth Amendment.  *Ward* v. *Maryland,* 12 Wall. 418; *Cole* v. *Cunningham,* 133 U. S. 107.  Distinguishing *Chambers* v. *Baltimore & Ohio R. R. Co.,* 207 U. S. 142.

Section 58 of the California Workmen's Compensation Act does not cover the claim of a non-resident of the State, because (a) the language of the act plainly limits it to injuries suffered by a resident of the State, and (b) the entire act has unmistakable evidence that it was never intended by the legislature that the operation of the law should be extended to non-residents.

Although the provisions of the Constitution may, in certain cases, extend the privileges and immunities of the citizens of a particular State to the citizens of the several States, nevertheless such principle has not application in the instant case, because there is thereby extended a burden as well as a privilege or immunity.

A discrimination between residents and non-residents violates § 2 of Art. IV of the Constitution with the same effect as if the discrimination were between citizens of the several States.  *Blake* v. *McClung,* 172 U. S. 239; *Ward* v. *Maryland,* 12 Wall. 418; *La Tourette* v. *McMaster,* 248 U. S. 465.

*Mr. Warren H. Pillsbury* for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Quong Ham Wah Company is engaged in the business of supplying to canneries in California and else-

where the labor required by them to carry on their canning operations. The Company in 1918 hired in the city of San Francisco one Owe Ming, a resident of California, under an agreement that he was to work as its employee at the cannery of the Alaska Packers Association at Cook's Inlet, Alaska, during the canning season, and that upon his return to San Francisco he would be paid off by the Quong Ham Wah Company and his employment terminated.

While working at the cannery Owe Ming sustained an injury resulting in a permanent disability, for which on returning to San Francisco he petitioned the Industrial Accident Commission of California for the allowance of compensation under the Workmen's Compensation Act, § 58 of which provides:

"The commission shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this state, and any such employee or his dependents shall be entitled to the compensation or death benefits provided by this act."

The Alaska Packers Association was joined with the Quong Ham Wah Company as defendant in the proceedings before the Commission, which culminated in a joint and several award against the said defendants. Thereafter the Quong Ham Wah Company filed with the Commission a petition for rehearing, asserting among other things, that the Commission was without jurisdiction to award compensation for injuries occurring outside the territorial limits of the State of California, except as provided in § 58 of the Compensation Act, and that that section was void as repugnant to Article IV, § 2, of the Constitution of the United States, because it granted to citizens of California the privilege of recovering for injuries sustained outside the State in the course of employments

contracted for'within the State,. while at the same time
denying that privilege to citizens of other States.   The
rehearing was refused by the Commission.

The Company thereupon applied to the Supreme Court
for a writ of certiorari, which was allowed, and that court,
concluding that § 58 discriminated against non-residents
as alleged and was consequently repugnant to the Consti-
tution of the United States and void, decided that the Com-
mission was without jurisdiction and annulled its award. .
Upon a rehearing, however, this view was retracted and
the court concluded that the effect of the constitutional
provision relied upon was, not to render void the provisions
of § 58 for discrimination against non-residents, but to
lead to or cause a construction of that section which would
include citizens of other States and therefore avoid all
question as to the discrimination relied upon. The court
consequently held that "the statute itself is valid, and
may be made to apply uniformly to citizens of California
and the citizens of the other states," and, giving effect to
this interpretation, affirmed the action of the Commission.

To reverse the judgment so rendered this writ of error is
prosecuted.   All the assignments and contentions made
rest in their last analysis upon the assumption that, de-
spite the construction of the statute made by the court
below, it still must be here treated as repugnant to the
Constitution because operating the discrimination origi-
nally complained of.   But it is elementary that this court
is without authority to review and revise the construction
affixed to a state statute as to a state matter by the court
of last resort of the State.   *Commercial Bank* v. *Bucking-*
*ham,* 5 How. 317, 342; *Johnson* v. *New York Life Insurance*
*Co.,* 187 U. S. 491, 496; *Ross* v. *Oregon,* 227 U. S. 150, 162;
*Ireland* v. *Woods,* 246 U. S. 323, 330; *Stadelman* v. *Miner,*
246 U. S. 544; *Erie R. R. Co.* v. *Hamilton,* 248 U. S. 369,
371–372.   It is hence obvious that the proposition upon
which alone jurisdiction to entertain the writ can be based

is so wanting in foundation as to be frivolous and therefore to impose upon us the duty to dismiss the cause for want of power to entertain it. *Farrell* v. *O'Brien,* 199 U. S. 89, 100; *Goodrich* v. *Ferris,* 214 U. S. 71, 79; *Toop* v. *Ulysses Land Co.,* 237 U. S. 580, 583; *Sugarman* v. *United States,* 249 U. S. 182, 184; *Berkman* v. *United States,* 250 U. S. 114, 118; *Piedmont Power & Light Co.* v. *Town of Graham,* 253 U. S. 193.

True it is elaborately argued that the court below erred in supposing that the statute was susceptible of the construction which it affixed to it and that, instead of adopting that construction, its duty was to hold the statute void for repugnancy to the Constitution on the grounds which were urged. But this in a different form of statement but disputes the correctness of the construction affixed by the court below to the state statute and assumes that that construction is here susceptible of being disregarded upon the theory of the existence of the discrimination contended for when, if the meaning affixed to the statute by the court below be accepted, every basis for such contended discrimination disappears. It follows that the argument but accentuates the frivolous character of the federal question relied upon.

*Dismissed for want of jurisdiction.*