BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE RICHARD G. POLANCO, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May members of the news media attend a child's individualized education program meeting as observers if their attendance has the consent of the parents?
 CONCLUSION
Members of the news media may not attend a child's individualized education program meeting as observers even though their attendance has the consent of the parents.
 ANALYSIS
Under the federal Individuals with Disabilities Act (20 U.S.C. § 1400-1419), states and local agencies receive funds from the federal government "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living. . . ." (20 U.S.C. § 1400(d)(1)(A).) This purpose is achieved through preparation and implementation of an annual individualized education program ("IEP") for the child. (20 U.S.C. § 1401(11), 1414(d); 34 C.F.R. §§ 300.340-300.350 (2001); Ojai Unified School Dist. v. Jackson (9th Cir. 1993) 4 F.3d 1467, 1469.) The IEP is "a comprehensive statement of the educational needs . . . and the specially designed instruction and related services to be employed to meet those needs." (Burlington School Committee v. Mass. Dept. of Education (1985)471 U.S. 359, 368; see 20 U.S.C. § 1414(d)(1)(B); 74 Ops.Cal.Atty.Gen. 213, 215 (1991).)
The Legislature has enacted a comprehensive statutory scheme (Ed. Code §§ 56000-56885)[1] to provide special education programs to children with disabilities consistent with and implementing the federal program. (See 83 Ops.Cal.Atty.Gen. 132 (2000).) The key statute requiring our interpretation is section 56341, which authorizes certain persons to attend a child's IEP meeting. Section 56341 provides:
 "(a) Each meeting to develop, review, or revise the individualized education program of an individual with exceptional needs shall be conducted by an individualized education program team.
 "(b) The individualized education program team shall include all of the following:
 "(1) One or both of the pupil's parents, a representative selected by a parent, or both, in accordance with the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.).
 "(2) At least one regular education teacher of the pupil, if the pupil is, or may be, participating in the regular education environment. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(3) At least one special education teacher of the pupil, or if appropriate, at least one special education provider of the pupil.
 "(4) A representative of the district, special education local plan area, or county office . . . .
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(5) An individual who conducted an assessment of the pupil or who is knowledgeable about the assessment procedures used to assess the pupil, and is familiar with the assessment results or recommendations. . . .
 "(6) At the discretion of the parent, guardian, or the district, special education local plan area, or county office, other individuals who have knowledge or special expertise regarding the pupil, including related services personnel, as appropriate. The determination of whether the individual has knowledge or special expertise regarding the pupil shall be made by the party who invites the individual to be a member of the individualized education program team.
 "(7) Whenever appropriate, the individual with exceptional needs."
The terms of section 56341 conform to federal law in specifying the members of the IEP meeting "team." (See 20 U.S.C. § 1414(d)(1)(B); 34 C.F.R. § 300.344.) The question to be resolved is whether news media representatives may attend a child's IEP meeting as observers if such attendance has the consent of the parents. We conclude that attendance by news media members would be unauthorized.
The purpose of an IEP meeting is for the persons attending to prepare, review or revise: (1) the statement of the child's present levels of educational performance, (2) the statement of measurable annual goals related to meeting the child's educational needs and ability to participate in the general curriculum, (3) the statement of special education services and supplementary aids and services that will be provided to the child, or (4) the explanation of the extent, if any, to which the child will not participate with nondisabled children in the regular class and in extracurricular activities. (20 U.S.C. § 1414(d)(1)(A); see §§ 56341.1, 56342,56345, 56345.1.)
Under the doctrine of statutory construction known as expressio unius est exclusio alterius, "`the expression of certain things in a statute necessarily involves exclusion of other things not expressed. . . .' [Citation.]" (Dyna-Med, Inc. v. Fair Employment Housing Commission (1987) 43 Cal.3d 1379, 1391, fn. 13.) Section 56341 specifies who may attend an IEP meeting; those who do not have express authorization may not attend. The word "conduct" in this context means "to have the direction of." (Webster's 3d New Internat. Dict. (1971) p. 474.) The word "include" acts here as a word of limitation. "`While the word "includes" may be used to broaden a specific term, it may also be used as a word of limitation.' [Citation]." (State Compensation Ins. Fund v. Workers' Comp Appeals Bd. (1977) 69 Cal.App.3d 884, 890; see Associated Indemnity Corp. v. Pacific Southwest Airlines (1982) 128 Cal.App.3d 898, 904.) "The governing consideration in resolving such an ambiguity is the intention of the Legislature. [Citation.]" (Muller v. Automobile Club of So. California (1998) 61 Cal.App.4th 431, 445.)
We have examined in detail the legislative history of section56341. (Stats. 2001, ch. 405, § 2; Stats. 1993, ch. 1296, § 14.6; Stats. 1992, ch. 106, § 2; Stats. 1988, ch. 1508, § 3; Stats. 1987, ch. 1452, § 478; Stats. 1982, ch. 1201, § 19; Stats 1981, ch. 1044, § 10; Stats. 1980, ch. 1353, § 8; Stats. 1980, ch. 797, § 9.) In 1982, the phrase "but not limited to" was deleted from the statute after the phrase "shall include." Since 1982, then, the Legislature has intended that only those specified in section56341 may attend an IEP meeting. This construction of section56341 is confirmed by federal law. "This is a change from prior law, which provided, without qualification, that parents or agencies could have other individuals as members of the IEP team at the discretion of the parents or agency." (34 C.F.R. Pt. 300, App. A, p. 113.)
As would be expected under these circumstances, the Department of Education has construed section 56341 as prohibiting attendance at an IEP meeting by those who do not meet the express statutory qualifications for attendance. "Unless unreasonable, or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference." (Dix v. Superior Court (1991)53 Cal.3d 442, 460; see People ex rel. Lungren v. Superior Court (1996)14 Cal.4th 294, 309; 83 Ops.Cal.Atty.Gen. 40, 44 (2000); 80 Ops.Cal.Atty.Gen. 322, 326-327 (1997).)
Subdivision (b)(6) of section 56341 provides the only possible authority for members of the news media to attend an IEP meeting if they have the consent of the parents.[2] However, this statutory authorization has no application here. It is reserved for those who "have knowledge or special expertise regarding the pupil." (§ 56341(b)(6); see20 U.S.C. § 1414(d)(1)(B)(vi).)
Individuals with "knowledge or special expertise regarding the pupil" are present at the meeting to help develop, review or revise the IEP plan. They are expected to participate meaningfully in the process, contributing valuable information with the best interests of the child in mind. "Under this statutory provision, the parent's and public agency's right to bring individuals to the IEP meeting at their discretion must be exercised in a manner that ensures that all members of the IEP Team have the knowledge or special expertise regarding the child to contribute meaningfully to the IEP Team." (64 Fed.Reg. 12585-12586 (Mar. 12, 1999).)
An "observer," in contrast, would be one who observes and listens but does not participate in the meeting. (Webster's 3d New. Internat. Dict. (1971) p. 1558.) Here, the news media members would not have "knowledge or special expertise regarding the pupil" or be able to engage in a sharing of valuable information concerning the child with the other team members. Section 56341 thus does not authorize the attendance of "observers," whether members of the news media or not. Federal law supports our construction of section 56341 that those without knowledge or special expertise regarding the child are prohibited from attending. (34 C.F.R. Pt. 300, App. A, p. 113.)
It may be noted, however, that an IEP meeting constitutes only one level in the IEP process. This meeting has a limited focus and purpose as described above. Members of the news media, as well as members of the public, may attend the next level in the process at the discretion of the parents (§ 56501, subd. (c)(2)), which is a hearing the parents may request if they disagree with any part of the IEP that the public agency intends to implement (§ 56346). Hence, while the Legislature has followed federal law and prohibited parents from bringing in observers to an IEP meeting, it has authorized parents to bring in observers at the next level of the IEP process.[3]
We conclude in answer to the question presented that members of the news media may not attend a child's IEP meeting as observers even though their attendance has the consent of the parents.
[1] All further statutory references are to the Education Code unless otherwise indicated.
[2] It is not suggested that the news media members would act as the "representatives" of the parents. (§ 56341, subd. (b)(1).)
[3] We note that a parent may make an audiotape recording of an IEP meeting by giving 24 hours prior notice to the other team members. (§ 56341.1, subd. (f)(1).)