[Cite as *State v. Nimmer*, 2011-Ohio-1807.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 95471

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC NIMMER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536479

**BEFORE:** Kilbane, A.J., Blackmon, J., and Rocco, J.

ATTORNEY FOR APPELLANT

Rick Ferrara
1424 East 25th Street
Cleveland, Ohio 44114

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Ma_Rion D. Horhn
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, Eric Nimmer (Nimmer), appeals his sentence.   Finding no merit to the appeal, we affirm.

{¶ 2}  In April 2010, Nimmer was charged in Case No. CR-536479 with breaking and entering, theft, and vandalism.  Nimmer entered into a plea agreement and pled guilty to breaking and entering.   The remaining charges were nolled.   In December 2009, Nimmer pled guilty to burglary in Case No. CR-529376, escape in Case No. CR-529334, breaking and entering in Case

No. CR-530617, and passing bad checks and theft in Case No. CR-530641. In January 2010, the trial court sentenced him to five years in prison in Case No. CR-529376, to be served concurrent with Case Nos. CR-529334, CR-530617, and CR-530641.

{¶ 3} In July 2010, at the sentencing hearing for Case No. CR-536479, the trial court sentenced Nimmer to one year in prison, to be served consecutive to his five-year sentence in Case No. CR-529376.

{¶ 4} Nimmer now appeals, raising the following two assignments of error for review.

> ASSIGNMENT OF ERROR ONE
>
> **"The trial court abused its discretion by imposing a sentence disproportionate with those previously imposed."**
>
> ASSIGNMENT OF ERROR TWO
>
> **"The trial court acted contrary to law by imposing a consecutive sentence without considering sentencing factors under Ohio law."**

{¶ 5} The Ohio Supreme Court has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4:

> **"In applying [*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with**

**all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."**[1]

{¶ 6} Nimmer argues that the trial court acted contrary to law when it failed to make the proper finding under R.C. 2929.14(E)(4) in light of the United States Supreme Court's rulings regarding judicial fact-finding in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, and automatic statutory revival in *Quong Ham Wah Co. v. Indus. Acc. Comm. of California* (1921), 255 U.S. 445, 41 S.Ct. 373, 65 L.Ed. 723.

{¶ 7} He claims that in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court revived all portions of R.C. 2929.14 that were severed in *Foster*. Thus, he contends that the statutory findings required by R.C. 2929.14(E)(4) were revived by implication since the Ohio legislature never repealed the statutory provisions that were excised. We find Nimmer's argument unpersuasive.

{¶ 8} In *Hodge*, the Ohio Supreme Court explicitly held that *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in [*Foster*]. Trial court judges are not obligated to engage in judicial fact-finding prior to

---

[1]We recognize *Kalish* is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs two and three of the syllabus. Thus, the trial court in the instant case was not obligated to make findings prior to imposing a consecutive sentence.

{¶ 9} Nimmer further argues that his sentence in Case No. CR-536479 was contrary to law because it is disproportionate to the sentences imposed in his other cases — Case Nos. CR-529334, CR-529376, CR-530617, and CR-530641. In Case No. CR-529334, he was sentenced to one year in prison for escape. In Case No. CR-529376, he was sentenced to five years in prison for burglary. In Case No. CR-530617, he was sentenced to one year for breaking and entering, and in Case No. CR-530641, he was sentenced to one year for passing bad checks and theft. The court ordered that the sentences in these cases be served concurrent to each other for an aggregate of five years in prison. Nimmer claims that his one-year sentence for breaking and entering should have been concurrent to these cases because those sentences were for similar crimes he committed within two months of the offense in the instant case.

{¶ 10} We note that "[c]onsistency in sentencing is achieved by weighing the sentencing factors." *State v. Dowell*, Cuyahoga App. No. 88864, 2007-Ohio-5534, ¶8, citing *State v. Georgakopoulos*, Cuyahoga App. No. 81934, 2003-Ohio-4341. As an appellate court, we are not required to decide

whether the lower court "'imposed a sentence in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment.'" *State v. Rabel*, Cuyahoga App. No. 91280, 2009-Ohio-350, ¶15, quoting *State v. Dawson*, Cuyahoga App. No. 86417, 2006-Ohio-1083.

{¶ 11} In the instant case, there is nothing in the record to demonstrate that Nimmer's sentence is "outside the mainstream of local judicial practice." His sentence of one year is the same as the one year the court imposed in Case No. CR-530617 for breaking and entering. While the crimes may have been committed within two months of each other, the State indicated that Nimmer became a suspect in the instant case when a CODIS hit linked him to DNA found at the scene of the incident. Moreover, his one-year sentence is within the permissible statutory range for a fifth degree felony. On these facts, we cannot conclude that his sentence is contrary to law.

{¶ 12} Having satisfied step one, we next consider whether the trial court abused its discretion. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶ 13}** Here, the trial court indicated that it imposed a consecutive sentence because Nimmer is a danger to the community and he has not complied with his mental health treatment. The court further indicated that Nimmer's criminal history spans almost 20 years. Nimmer has "32 cycles" of criminal history and "nine cycles" of incarceration. The trial court also stated in the sentencing journal entry that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. Thus, there is nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable.

**{¶ 14}** Accordingly, the first and second assignments of error are overruled.

**{¶ 15}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
KENNETH A. ROCCO, J., CONCUR