[Cite as *State v. Walker*, 2011-Ohio-4505.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96076

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE WALKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-538052 and CR-541146

**BEFORE:**   S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 8, 2011

**ATTORNEY FOR APPELLANT**

Rick Ferrara
1424 East 25th Street
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Ma'rion D. Horhn
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant, Andre Walker, appeals from his sentences in Cuyahoga County Court of Common Pleas Case Nos. CR-538052 and CR-541146.   For the reasons stated herein, we affirm.

{¶ 2} In June and September 2010, Walker was indicted on various charges in the two underlying cases.   In CR-538052, he entered a plea of guilty to one count of breaking and entering (R.C. 2911.13(A)).   In CR-541146,

he entered a plea of guilty to one count of breaking and entering (R.C. 2911.13(A)) and one count of vandalism (R.C. 2909.05(B)(1)(a)). The court nolled the remaining charges in each case.

{¶ 3} On November 3, 2010, the court sentenced Walker. In CR-541146, the court imposed a prison term of 12 months on each of the two counts, running concurrent. In CR-538052, the court imposed a prison term of 12 months, and further ordered the sentence to run consecutive to CR-541146, for a total of 24 months, and consecutive to time being served in three other cases. Walker was also advised of postrelease control and was ordered to pay restitution in both cases.

{¶ 4} Walker timely filed this appeal. He raises two assignments of error for our review. His first assignment of error provides as follows: "I. The trial court erred when it failed to state its justification for imposing consecutive sentences." Walker argues that the trial court acted contrary to law by failing to make a proper finding under R.C. 2929.14(E)(4) in light of the United States Supreme Court's rulings regarding judicial fact-finding in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, and automatic statutory revival in *Quong Ham Wah Co. v. Indus. Acc. Comm. of California* (1921), 255 U.S. 445, 41 S.Ct. 373, 65 L.Ed. 723. We recently rejected similar arguments in *State v. Nimmer*, Cuyahoga App. No.

95471, 2011-Ohio-1807, ¶ 6-8.   We further find no merit to his argument that the court was required to set forth its reasons and findings on the record.

{¶ 5} Indeed, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court explicitly held that *Oregon v. Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470."   The court in *Hodge* further instructed that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraph two and three of the syllabus.   While Walker asks this court to reject the re-enactment requirement in *Hodge* as improper, we are bound to follow the law and decisions of the Ohio Supreme Court.   Accordingly, Walker's first assignment of error is overruled.

{¶ 6} Walker's second assignment of error provides as follows: "II.   The trial court acted contrary to law when it imposed a term of incarceration beyond the statutory maximum."

{¶ 7} Walker contends that the trial court imposed a prison sentence of 24 months, exceeding the maximum penalty for a fifth degree felony.   We find no merit to his argument.

**{¶ 8}** The record reflects that Walker was sentenced to 12 months in each of the two cases. In CR-541146, the court imposed a prison term of 12 months on each of the two counts, which were run concurrent. In CR-538052, the court imposed a prison term of 12 months. Thus, the trial court did not exceed the statutory maximum in either case. Instead, because a consecutive sentence was imposed between the cases, Walker was required to serve 24 months in prison. As reflected in the sentencing entry in CR-538052, the court imposed a 12-month sentence that was "run consecutive to CR 541146 for a total of 24 months, and consecutive to CR 527669, CR 527432, and CR 526317." Contrary to Walker's argument, we find no discrepancies in the court's journal entries, which speak for themselves. Walker's second assignment of error is overruled.

**{¶ 9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR