[L.A. No. 31368. Sept. 17, 1981.]

ROBERT K. BREESE, Plaintiff, v.
RIKKI PRICE, Defendant and Appellant;
ARGONAUT INSURANCE COMPANY, Intervener and
Respondent.

924

**COUNSEL**

Kennett M. Patrick, Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., and Clifford H. Woosley for Defendant and Appellant.

Bodkin, McCarthy, Sargent & Smith, R. Scott Johnson, Gordon F. Sausser and Eileen L. McGeever for Intervener and Respondent.

**OPINION**

**THE COURT.\*—** ■ In a third party action for personal injuries, is a workers' compensation insurance carrier entitled to obtain from the defendant reimbursement for the full amount paid to the plaintiff-employee in settlement of the employee's workers' compensation claim, absent proof that the defendant's tort liability is equal to or greater than the amount of the settlement? We will conclude that a defendant who was not a party to the compensation proceedings, and who has had neither notice nor opportunity to be heard, is not bound by the terms of

---

\*Before Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., Potter, J.,† and Rogan, J.†

†Assigned by the Chairperson of the Judicial Council.

such a settlement. In the personal injury action, the burden remains upon the carrier to prove (1) that the defendant was negligent; (2) that defendant's negligence was the proximate cause of the plaintiff-employee's injuries; and (3) the amount of the defendant's tort liability for such injuries. If the trier finds that defendant's tort liability equals or exceeds the amount of the settlement, then the carrier is entitled to full reimbursement. Where the defendant's tort liability is less than the settlement amount, however, the carrier is entitled to reimbursement only up to the amount of defendant's tort liability. The disposition of the tort claim, obviously, has no effect upon the compromise settlement of the workers' compensation claim already concluded between the carrier and the employee.[1]

## I.

On January 17, 1974, plaintiff Breese, while operating an automobile within the scope of his employment, collided with a vehicle negligently driven by defendant Price. Breese sued Price and also processed a claim under the workers' compensation laws (Lab. Code, § 3201 et seq.; unless otherwise indicated, all statutory references are to that code). Argonaut Insurance Company is the employer's workers' compensation insurance carrier. At a hearing on February 5, 1976, before a Workers' Compensation Appeals Board (WCAB) referee, it was found that Breese suffered neither temporary nor permanent disability and required no medical treatment. An award of $25 was rendered to cover "medical-legal" expenses. Notwithstanding the foregoing, on May 11, 1976, the WCAB approved a negotiated "compromise and release of claim" which recited Argonaut's offer to pay Breese $10,885 including medical expenses of $735. No explanation has been given for WCAB's disparate actions.

Argonaut thereupon intervened in Breese's suit against Price, seeking reimbursement for its compromise payment. Breese and Price subse-

---

[1]Contrary to the suggestion of the concurring and dissenting opinion, this opinion does not address such questions as (1) the effect which the employer's or the employee's negligence may have on the employer's right to reimbursement (see, e.g., *Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 842 [150 Cal.Rptr. 888, 587 P.2d 684]) or (2) the priority of the employer's reimbursement claim vis-a-vis any competing claim in the third party action.' (See, e.g., Lab. Code, §§ 3858, 3860.) In holding that the carrier or employer is entitled to "full reimbursement" if the third party defendant's liability equals or exceeds the amount of the compensation judgment or settlement, we mean only that the "reasonableness" of the compensation judgment or settlement should not be relitigated in the subsequent third party action.

quently settled their litigation without prejudice to Argonaut's claim. With respect to the latter, Price admitted responsibility for the accident but denied any resultant damages to Breese or to Argonaut. The trial court, relying on sections 3852 and 3854, rejected Price's offer of a certified copy of the February 5, 1976, decision of the WCAB referee and related medical testimony, concluding that Price was barred from challenging the reasonableness of Argonaut's payment pursuant to the compromise. The court thereupon entered judgment in favor of Argonaut in the sum of $10,885, from which judgment Price appeals.

## II.

■ Generally, damages are assessed as compensation for losses, injury or detriment proximately caused by defendant's tortious conduct. (Civ. Code, § 3333; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 620, 845, pp. 2901, 3139.) The allowable damages include a broad spectrum of compensation for injuries and expenses, previously incurred and anticipated. Traditionally, proof has been required that the damages be proximately caused by defendant's negligence and reasonable in amount. Argonaut contends, however, that these venerable principles have been modified by the public policies supporting California's broad workers' compensation legislation. ■ Relying on sections 3852 and 3854, the carrier asserts that in order to effectuate the purposes of the workers' compensation laws the requirements of both causation and reasonableness must yield to an automatic reimbursement of employers and their insurers for workers' compensation benefits paid. Argonaut claims too much.

Section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents." (An insurer such as Argonaut is considered an "employer" under § 3850, and we use the latter term to include the former.)

The foregoing section contemplates the *employee's* recovery in tort for "all damages *proximately resulting* from such injury or death against any person other than the employer." (Italics added.) In turn, the *employer* "may *likewise* make a claim or bring an action against such third person." (Italics added.) Reasonably read, the statutory language contemplates that the employer's (or the carrier's) action for reimbursement is similarly limited to recovery for damages proximately caused by the injury. Indeed, it would be anomalous for an employer or insurer to recover damages greater, in nature or amount, than those afforded the injured employee. Consistently, we have held that "Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 874 [140 Cal.Rptr. 638, 568 P.2d 363].) Section 3852 does not enlarge the tort remedy of a compensation carrier beyond that of the injured employee.

■ Superficially, section 3854 lends Argonaut some support. It provides: "If the action is prosecuted by the employer alone, evidence of any amount which the employer has paid or become obligated to pay by reason of the injury or death of the employee is admissible, and such expenditures or liability shall be considered as proximately resulting from such injury or death in addition to any other items of damage proximately resulting therefrom." Argonaut argues that the proper interpretation of section 3854 is that payments made pursuant to workers' compensation proceedings are conclusively established as "proximately resulting" from the tortfeasor's conduct and therefore automatically recoverable against the tortfeasor. (See *State Compensation Insurance Fund* v. *Williams* (1974) 38 Cal.App.3d 218 [112 Cal.Rptr. 226]; *Board of Administration* v. *Ames* (1963) 215 Cal.App.2d 215 [29 Cal. Rptr. 917].)

Section 3854 does not compel the construction urged by Argonaut. The statute identifies the evidence which is admissible in tort actions as being of payments made "*by reason* of the injury or death of the employee" and provides that "*such* expenditures . . . shall be considered as proximately resulting from such injury . . . ." (Italics added.) In so describing the admissible evidence, the statute, in our view, clearly contemplates reimbursement for those payments only which were made "by reason of" the injury. The statutory language does not suggest any abandonment of the traditional concepts of "proximate cause" or "reasonableness" in defining the damages recoverable by an employer with-

in this context. It does not purport to impose absolute liability on the third party tortfeasor for any expenses of the employer without the traditional nexus between those expenses and the tortfeasor's conduct. Any contrary holding which denied defendant an opportunity to be heard on the causation and reasonableness issues would contain serious due process implications.

In our view, section 3854's mandate that the employer's expenditures "shall be considered as proximately resulting from [the employee's] injury" reasonably can be read as a legislative direction (1) that the intervening act of an employer's payment to the employee of compensation shall not be construed as breaking the chain of causation which is essential to a plaintiff's recovery under traditional negligence principles; and (2) that the employer is entitled to full reimbursement provided defendant's tort liability, in an amount equal to or in excess of the employer's expenditures, is otherwise established. (See *ante*, fn. 1.) In previous cases, we have stressed the procedural nature of statutes which define the rights of employees and employers against third party tortfeasors. (*Roe* v. *Workmen's Compensation Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].) Thus in discussing the congruence of such employees' and employers' rights of action, we declared in *County of San Diego* v. *Sanfax Corp., supra*, 19 Cal.3d at pages 873-874: "The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover. [Citation.] Instead, the substantive law which governs employer and employee actions is usually the general tort law. As applied in cases involving employee and employer third party claims, however, the general tort law works in parallel with the procedures which the Legislature has set up."

Further underscoring the common law tort basis for an employer's reimbursement remedy we emphasized in *Sanfax* that "in granting employers the right to sue third parties, the Legislature simply gave statutory recognition to principles of equitable subrogation. [Citations.] . . . Apparently, even if the Legislature had not acted, an employer would have been able to recover from a third party *who was responsible* for the employer having to pay workers' compensation." (19 Cal.3d at p. 876, fn. 7, italics added.) Our reference therein to an employer's statutory right of reimbursement against "responsible" third parties is fully consistent with the traditional common law concepts of "proximate cause" and "reasonableness."

In *Mendenhall v. Curtis* (1980) 102 Cal.App.3d 786 [162 Cal.Rptr. 569], the trial court, as here, had ruled that section 3854 precluded a defendant from litigating the question of whether his negligence was a proximate cause of the compensation benefits paid by an employer. A jury had returned special verdicts finding that (1) as between the employee and defendant the defendant's conduct, while negligent, was not a proximate cause of the employee's injuries, and (2) as between the employer and defendant, the latter was 100 percent negligent. The court thereupon entered judgment for the employer in the full amount of the employee's workers' compensation benefits, reasoning that section 3854 required the employer's liability for such benefits "to be deemed the proximate result of the accident." (*Id.*, at p. 789.)

In reversing, the *Mendenhall* court noted, "We have found no case, however, construing the Labor Code sections (§§ 3852, 3854, 3855) as foreclosing the third party from litigating the question whether his tortious conduct was a proximate cause of any injury to the employer." (102 Cal.App.3d at p. 792.) The court quoted language from *Ames* to the effect that "If the trial court had found that [the employee's] injuries were not *caused* by defendant's negligence [the employer] could not have prevailed." (215 Cal.App.2d at p. 224, italics added.) The *Mendenhall* court thereupon concluded, "In the case at bench, in order to establish defendant's liability for the workers' compensation benefits paid by the county, it was incumbent upon the county to prove not only that defendant was negligent but that such negligence was a proximate cause of the employee's injuries." (102 Cal.App.3d at p. 792.) This reasoning is sound.

Such a construction of section 3854 renders the statutory procedures fully consistent with common law principles of equitable subrogation, as noted by the *Sanfax* court. It is well established "that a defendant may contest liability in a subrogation action by an employer to the same extent as in an action brought by the injured employee. Implicit in the right to contest liability are rights to raise the issue of comparative negligence . . . and to contest the causality of the employee's injuries." (*Ventura County Employees' Retirement Association v. Pope* (1978) 87 Cal.App.3d 938, 943 [151 Cal.Rptr. 695].) Moreover, "Defendant may contest both liability and causation of injuries to the same extent as if the injured employee herself had brought an action." (*Id.*, at p. 945.)

■ From the foregoing it follows that an employer seeking reimbursement for compensation payments bears the burden of establishing

that a defendant's negligence is the proximate cause of an employee's injuries and the amount of tort damages reasonably resulting therefrom. The defendant, in such a third party tort action, must be permitted the opportunity of presenting evidence to the contrary, and this is so whether the claim is asserted by an employee for his own injury, or by an employer (or carrier) for reimbursement of compensation paid. To the extent that they are inconsistent, *Ames* and *Williams*, both *supra*, are disapproved.

We are further persuaded to our conclusion herein by a consideration of its practical effects. Even in a truly adversary setting a *guarantee* of reimbursement of the employer's losses would, in our view, inevitably tend to lessen the incentive to dispute questionable claims. In such a case the third party tortfeasor, as "guarantor," may be obliged to pay an improper premium beyond fair and just compensation for the harm which he has caused. No valid public policy would be served thereby.

Finally, although the difference is more one of degree than of kind, adoption of a rule of automatic reimbursement is particularly disturbing when, as here, the compensation benefits to be reimbursed are fixed by a negotiated settlement between the employee and the employer's carrier. In the case before us, for example, the reimbursement sought to be compelled is of a compromise settlement 435 times larger than the miniscule award of the referee who, having heard the evidence, concluded that no compensable industrial injury resulted and only nominal expenses were incurred. Under such circumstances, not only is the defendant third party tortfeasor a nonparticipant who is denied both notice and opportunity to be heard, but there is also lacking the ameliorative effect of a workers' compensation hearing and the evaluation and judgment of a neutral referee. Such a consequence is manifestly unfair.

## III.

The judgment of the trial court is reversed and the matter is remanded for a hearing and a judicial determination of the appropriate damages to be assessed against defendant.

RICHARDSON, J., Concurring and Dissenting.—I concur in the result. I further concur in the reasoning of the court, except as it mandates that "If the trier finds that defendant's tort liability equals or exceeds the amount of the settlement, then the carrier is entitled to full reimbursement. Where the defendant's tort liability is less than the settle-

ment amount, however, the carrier is entitled to reimbursement only up to the amount of defendant's tort liability." (*Ante*, p. 926, see also pp. 928, 929.) I respectfully dissent both from the express language and the implications thereof, believing that the majority errs in so concluding.

If a workers' compensation carrier has paid compensation benefits to an employee who subsequently establishes his right to recover by judgment or settlement against a third party tortfeasor, the court gives the carrier the right of *full* reimbursement. In doing so the court ignores the possibility that there may be other claimants against the tort judgment. By way of example, the employee may for valuable consideration have assigned all or a part of his interest in the judgment to other parties. Also, there may be other claims against the judgment some of which may be in lien form and some of which may be for necessaries of life furnished the employee. Similarly, an employee's spouse in a dissolution or other proceeding may assert an interest against the judgment based upon community property law. There may be other interests asserted. By mandating that the workers' compensation carrier receive "*full* reimbursement" from the employee's settlement or judgment, the majority judicially selects the carrier as a preferred creditor vis-a-vis other claimants. In a particular case, this may prove to be manifestly unfair. The priorities should be determined by the trial court in accordance with law, if necessary by requiring the interpleading of the competing claimants.

Pronouncement of a rule of full reimbursement is not necessary to the resolution of the issue before us and for the foregoing reasons I do not favor the rule.

Mosk, J., and Newman, J., concurred.