[Civ. No. 24254. Fourth Dist., Div. One. Feb. 9, 1982.]

ASSOCIATED INDEMNITY CORPORATION et al., Plaintiffs and Appellants, v.
PACIFIC SOUTHWEST AIRLINES, Defendant and Respondent.

COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen, Warren L. Hanna and Michael G. Lowe for Plaintiffs and Appellants.

Kern, Wooley & Maloney and Ralph S. LaMontagne, Jr., for Defendant and Respondent.

OPINION

**WORK, J.**—Certain passengers were within the scope of their employment when killed in the crash of a Pacific Southwest Airlines (PSA) aircraft. Decedents left no dependents.

Associated Indemnity Corporation and American Insurance Company provided worker's compensation insurance for the decedents' employers, and sued PSA to recover $182,736.32 which they paid to the state pursuant to Labor Code section 4706.5, subdivision (a),[1] in lieu of benefits to dependents.

---

[1]All statutory references are to the Labor Code unless otherwise specified.

The trial court granted PSA's motion for a partial summary judgment. The primary issue on appeal is whether the insurers have a right to reimbursement under section 3852.[2] We hold they do.

Insurers paid "in lieu" death benefits to the state's Department of Industrial Relations. Historically, that money is used by the state generally to vocationally rehabilitate injured workers.

### The Issues

The prime issue is whether, under section 3852, an employer's workers' compensation insurance carrier may recover from third party tortfeasors the monies it pays to the state under section 4706.5, subdivision (a), in lieu of death benefits where the decedent employee left no dependents.

Is section 3852 constitutional?

Is section 4706.5, subdivision (a) constitutional? Is it a "tax" or an "award?"

How do the recent amendments to section 3852 affect this appeal?

### Payments Under Section 4706.5 Are Not a Tax

PSA claims section 4706.5[3] payments constitute a "tax." It contends an irrational classification is established: one class involving third party tortfeasors whose victim-employee dies with dependents (who are not ultimately liable for payment of the so-called "tax"); and another class involving victim-employees who die with no dependents (for whom the so-called "tax" is required), and thus denies constitutional equal protection.

---

[2]Following this judgment, section 3852 was amended to mandate such reimbursement.

[3]Labor Code section 4706.5 states: "(a) Whenever any fatal injury is suffered by an employee under such circumstances as to entitle the employee to compensation benefits, but for his or her death, and such employee does not leave surviving any person entitled to a dependency death benefit, the employer shall pay a sum to the Department of Industrial Relations equal to the total dependency death benefit that would be payable to a surviving spouse with no dependent minor children.

"(b) Where the deceased employee leaves no surviving dependent, personal representative, heir, or other person entitled to the accrued and unpaid compensation referred

■ A statute violates the equal protection clause if it selects one particular class of persons for a species of taxation without rational support for such classification (e.g., *Dept. of Mental Hygiene* v. *Kirchner* (1964) 60 Cal.2d 716, 722-723 [36 Cal.Rptr. 488, 388 P.2d 720, 20 A.L.R.3d 353]; *John Tennant Memorial Homes, Inc.* v. *City of Pacific Grove* (1972) 27 Cal.App.3d 372, 379-380 [103 Cal.Rptr. 215]).

■ However, section 4706.5 does not impose a tax. The payments it mandates are in the nature of "awards" of the Workers' Compensation Appeals Board. The board has the same enforcing authority as courts of general jurisdiction (§§ 110-137, 5307, 5307.5).

The California Constitution, article XIV, section 4, as amended in 1972, designates payments made by the employer (insurer) pursuant to section 4706.5 as "awards." These awards are granted after the Workers' Compensation Appeals Board determines factually a deceased employee has left no surviving dependents. In each of the four deaths involved in this proceeding, the payment orders were issued by the board.

---

to in Section 4700, such accrued and unpaid compensation shall be paid by the employer to the Department of Industrial Relations.

"(c) The payments to be made to the Department of Industrial Relations, as required by subdivisions (a) and (b), shall be deposited in the General Fund and shall be credited, as a reimbursement, to any appropriation to the Department of Industrial Relations for payment of the additional compensation for subsequent injury provided in Article 5 (commencing with Section 4750) of this chapter, in the fiscal year in which the State Controller's receipt is issued.

"(d) The payments to be made to the Department of Industrial Relations, as required by subdivision (a), shall be paid to the department in a lump sum in the manner provided in subdivision (b) of Section 5101.

"(e) The Department of Industrial Relations shall keep a record of all payments due the state under this section, and shall take such steps as may be necessary to collect such amounts.

"(f) Each employer, or the employer's insurance carrier, shall notify the administrative director, in such form as the administrative director may prescribe, of each employee death, except when the employer has actual knowledge or notice that the deceased employee left a surviving dependent.

"(g) When, after a reasonable search, the employer concludes that the deceased employee left no one surviving who is entitled to a dependency death benefit, and concludes that the death was under such circumstances as to entitle the employee to compensation benefits, such employer may voluntarily make the payment referred to in subdivision (a). Payments so made shall be construed as payments made pursuant to an appeals board findings and award. Thereafter, if the appeals board finds that the deceased employee did in fact leave a person surviving who is entitled to a dependency death benefit, upon such finding, all payments referred to in subdivision (a) which have been made shall be forthwith returned to the employer, or if insured, to the employer's workers' compensation carrier that indemnified the employer for the loss."

An employer's liability is uniform and, if surviving dependents exist, they receive the death benefits. Otherwise, the same benefits, plus unpaid compensation awards, go to the state. The different identity of the payee does not create invidious classes offensive to the equal protection clause.

We conclude section 4706.5, subdivision (a), is constitutional and payments made thereunder are awards of the board and not taxes on the employer (insurer).

### Section 4706.5 Payments Are Compensation

■ Section 3852[4] permits an employer who becomes obligated to pay compensation under section 4706.5 to recover the total amount of compensation and damages for which the employer is liable from a third party tortfeasor. PSA contends the employers' payments are not "compensation" within the meaning of section 3852 and, therefore, the employer may not recover those payments.

Section 3207,[5] which purports to define compensation as used in workers' compensation law, is not helpful. Boiled down to its essentials, it simply says compensation means compensation under division 4.

Cases interpreting section 3207 refer to payments made to injured employees and not those made pursuant to section 4706.5, subdivision (a). (See, e.g., *Knopfer* v. *Flournoy* (1973) 34 Cal.App.3d 318 [109 Cal.Rptr. 892], and *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1977) 76 Cal.App.3d 136 [142 Cal.Rptr. 654].)

In defining compensation, section 3207 has two parts: the first being the cryptic phrase (discussed above), and the second which explains

---

[4]Section 3852 reads: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

[5]Section 3207 states: "'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation, or in the event of his death, upon his dependents, without regard to negligence."

what is included in the definition. The ambiguity of the word "includes" in section 3207 is significant. As this court said in *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1977) 69 Cal.App.3d 884, 890 [138 Cal.Rptr. 509], the word "includes" may be used to broaden a statute, or it may be used as a word of limitation (11 Ops.Cal.Atty. Gen. 11, 12 (1948)). If it is used expansively, as the insurers contend, the concept of compensation in the workers' compensation law can fairly be interpreted as including the section 4706.5, subdivision (a), payments involved here. On the other hand, if "includes" is used as a word of limitation in section 3207, then, as PSA argues, these payments to the state do not fall within the concept of "compensation."

The parties refer us to no express indications of the intention of the Legislature in enacting section 3207. The word, however, is used expansively in other tangentially applicable sections of division 4.

Within the body of workers' compensation law, the word "compensation" is defined more clearly in section 5001[6] dealing with the approval of release or compromise agreements. Section 5001 reads as follows: "Compensation is the measure of the responsibility which the employer has assumed for injuries or deaths which occur to employees in his employment when subject to this division. No release of liability or compromise agreement is valid unless it is approved by the appeals board or referee."

Further support is found in section 3854 which provides in an indemnity action prosecuted by the employer alone, "evidence of *any* amount which the employer has paid or becomes obligated to pay by reason of the injury or death of the employee is admissible" (italics added).

In interpreting the interchangeability of the employer and employee third party actions, the state Supreme Court said in *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 873 [140 Cal.Rptr. 638, 568 P.2d 363]: "Labor Code sections 3856 and 3860 make it possible for the third party to be held liable 'for all the wrong his tortfeasance brought about' [citation], regardless of whether it is the employee or the employer who brings suit."

---

[6]The purpose of section 5001 is the protection of workers who might agree to unfortunate compromises of their claims because of economic pressure or lack of competent advice. (*Chavez* v. *Industrial Acc. Com.* (1958) 49 Cal.2d 701, 702 [321 P.2d 449].)

Therefore, the scheme created by section 3852 et seq. is to hold the third party tortfeasors liable for *all* consequences of their acts, and any amount which the employer or their insurer becomes obligated to pay (including the § 4706.5, subd. (a), payments to the state) is part of that scheme. Those latter payments are part of the consideration contemplated by division 4 generally.

Returning to the ambiguity of the statutory definition in section 3207 and the use of the word "includes," we apply the rule found in *Paramount Gen. Hosp. Co.* v. *National Medical Enterprises, Inc.* (1974) 42 Cal.App.3d 496, 501-502 [117 Cal.Rptr. 42]: "The term 'includes' is 'ordinarily a word of enlargement and not of limitation. [Citation.] The statutory definition of [a] thing as "including" certain things does not necessarily place thereon a meaning limited to the inclusions.' [Citations.]" Further, in California Workmen's Compensation Practice (Cont.Ed.Bar 1973), "compensation" is given a very broad definition: "Compensation benefits consist of: indemnity for disability, both temporary and permanent; medical, hospital, and allied treatment; death benefits and burial allowances; subsequent injuries fund benefits; and reimbursement for certain necessary expenses. Disability may be either partial or total, whether permanent or temporary." (*Id.*, § 1.7, p. 7.)

Decisions from other states which seem to suggest payments to a subsequent injuries fund are not considered "consideration" are distinguishable in that the amounts paid to the state in those cases are arbitrarily fixed by the Legislature, whereas in California the amount is measured more by the character of the benefits available to the employees or their dependents. The amount in California is determined as an amount equal to the total dependency death benefits plus such accrued and unpaid compensation referred to in section 4700.

We hold section 4706.5, subdivision (a), payments to the state are not taxes but awards of the Workers' Compensation Appeals Board, and are considered compensation for purposes of section 3852.

### Section 3852 Provides for Indemnification

PSA also claims section 3852 is merely a legislative recognition of the doctrine of equitable subrogation, citing dictum in a footnote in *County of San Diego* v. *Sanfax Corp., supra*, 19 Cal.3d 862, at page 876. While section 3852 does serve as a subrogation statute under certain applicable circumstances, it is actually much more, notwithstand-

ing its location in the code under a "subrogation" title. Here, its import is more akin to the equitable doctrine of indemnity.

■ Subrogation is the right to recover from a debtor-obligor. A surety pays the principal debtor's obligation to the creditor and in equity is substituted for the creditor or is subrogated to his rights against the debtor (Civ. Code, §§ 2848, 2849).

■ The right of indemnity rests upon a difference between the primary and secondary liability of two parties. It is a right which inures to a person who, without active fault on their part, has been compelled by reason of some legal obligation to pay money due to the initial negligence of another (*Alisal Sanitary Dist.* v. *Kennedy* (1960) 180 Cal.App.2d 69, 75 [4 Cal.Rptr. 379]).

Quoting *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 74 [38 Cal.Rptr. 490, 8 A.L.R.3d 629], the state Supreme Court discussed the doctrine of equitable indemnity in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, at page 595 [146 Cal.Rptr. 182, 578 P.2d 899]: "'[t]he duty to indemnify may arise, and indemnity may be allowed in those fact situations *where in equity and good conscience the burden of the judgment should be shifted from the shoulders of the person seeking indemnity to the one from whom indemnity is sought.* The right depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him. Thus the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case.' (Italics added.)"

Tortfeasors should bear responsibility for *all* the consequences of their wrongs, including statutorily mandated payments under section 4706.5.

The semantical distinction between characterizing section 3852 as subrogation or indemnity was discussed by the court in *State Comp. Ins. Fund* v. *Williams* (1974) 38 Cal.App.3d 218, 222 [112 Cal.Rptr. 226],[7] which affirmed the constitutionality of that section. There a workers' compensation insurance carrier sued to recover the amount it

---

[7]Overruled on other grounds. (*Breese* v. *Price* (1981) 29 Cal.3d 923 [176 Cal.Rptr. 791, 633 P.2d 987].)

was required to pay its insured after the insured was involved in a car accident with the defendant. The court said, at page 222: "This section creates a new cause of action unknown at common law entirely separate from the injured employee's common law right of action for damages. [Citations.] Although some cases use the word 'subrogation,' i.e., the employer is 'subrogated' to the right of the employee against the third person, in our opinion the better reasoned cases correctly classify it as an entirely new cause of action which is vested in the employer and which was unknown at common law. It is essentially a statutory action for *indemnity* to recover from the third person tortfeasor the 'damage' which the employer has sustained as a proximate result of the third person's tort. As stated in the two cases last cited, the new cause of action permits the employer to recover from the third party tortfeasor the 'damage' which the employer sustained, i.e., at least the amount that the employer has been legally required to pay the employee by the award and order of the state agency. As we shall see by cases hereinafter cited, it also includes actions to recover amounts which the employer has been required to pay the employee by other provisions of law in lieu of workmen's compensation. There is no doubt that as to the employer the award of the state agency in favor of the employee is the measure of the minimum damage sustained by the employer since the employer is legally obligated to pay that award when it becomes final."

We hold section 3852[8] provides an action for indemnity under the facts of this case to recover from the defendant the "damages" the plaintiff is required to pay in the award pursuant to section 4706.5, subdivision (a), and sustained as a proximate result of the defendant's tort.

"Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legisla-

---

[8]After the airplane accident from which this litigation arose, the state Legislature amended section 3852 so it *now* reads: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, *or who pays or becomes obligated to pay an amount to the Department of Industrial Relations pursuant to Section 4706.5*, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension or other emolument paid to the employee or to his dependents." (Italics added.)

The Legislature expressly declared the amendment did not change existing law and was therefore applicable to all claims filed before the effective date of the amending act. (Stats. 1981 (1981-1982 Reg. Sess.) ch. 21, § 12.)

ture. [Citations.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) Where a "prior statute is ambiguous [as here], a subsequent expression of the Legislature as to the intent of the prior statute, although not binding on the courts, may properly be used in determining the effect of the prior act." (*Gibbons & Reed Co.* v. *Dept. of Motor Vehicles* (1963) 220 Cal.App.2d 277, 287 [33 Cal.Rptr. 688, 927]; *Estate of Cottrell* (1971) 15 Cal.App.3d 88, 94 [92 Cal.Rptr. 923].)

The Legislature has now stated existing law permits an employer (insurer) who pays an amount to the state when an employee entitled to workers' compensation dies without dependents, to make a claim or bring an action against a third party. This is the same conclusion which we have independently reached in analyzing the prior act.

We reverse the partial summary judgment and remand to the trial court for further proceedings.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied February 24, 1982, and respondent's petition for a hearing by the Supreme Court was denied May 20, 1982.