[No. B021615. Second Dist., Div. Two. Mar. 27, 1987.]

PERRY ELI et al., Plaintiffs and Appellants, v.
TRAVELERS INDEMNITY COMPANY, Defendant and Respondent.

COUNSEL

Ned Good for Plaintiffs and Appellants.

Mallon, Harmon & Beck and Willam R. Harmon for Defendant and Respondent.

OPINION

GATES, J.—By the instant action the parties sought a declaration determining how a limited recovery from a third-party tortfeasor who caused another's death should be divided between (1) the victim's nondependent heirs who were damaged by his death, and (2) a workers' compensation insurance carrier who had paid monies to the State of California by reason of that death. This apparently constituted a question of first impression. The trial court ruled that the carrier's claim was entitled to first and full priority. This appeal followed.

With one exception the underlying facts are acknowledged. On January 13, 1982, Douglas Eli, the unmarried son of appellants Perry and Lois Eli, died in an automobile accident while working in the course and scope of his employment. Respondent Travelers Indemnity Company, the workers' compensation insurance carrier for Douglas's employer, paid the statutory maximum of $1,500 toward his funeral and burial expenses. Further, since Douglas had no "dependents" at the time of his death (Lab. Code, §§ 3501-3503, 4700-4709), respondent was required to pay approximately $45,000 to the State Department of Industrial Relations pursuant to Labor Code section 4706.5.[1]

The negligent third party responsible for the accident had only $50,000 liability insurance and no apparent ability to respond in damages above that

---

[1]Section 4706.5 provides in relevant part: "(a) Whenever any fatal injury is suffered by an employee under such circumstances as to entitle the employee to compensation benefits, but for his or her death, and the employee does not leave surviving any person entitled to a dependency death benefit, the employer shall pay a sum to the Department of Industrial Relations equal to the total dependency death benefit that would be payable to a surviving spouse with no dependent minor children."

The escheat of death benefits to the state in this situation is expressly authorized by the California Constitution. As amended in 1972, article XIV, section 4 empowers the Legislature "to provide for the payment of an award to the state in the case of the death, arising out of and in the course of employment, of an employee without dependents, and such awards may be used for the payment of extra compensation for subsequent injuries beyond the liability of a single employer for awards to employees of the employer."

amount. Consequently, his insurance company's offer to pay its full policy limits to settle all claims arising out of Douglas's death was accepted by both appellants and respondent. Regrettably they did not also decide how this sum would be divided; it was simply deposited into a blocked account.

Anticipatably, in the present proceeding each side urges its entitlement should be granted first and complete priority, although appellants also have adopted a "fall back" position in favor of a pro rata division. Appellants' complaint alleged the value of their wrongful death claim far exceeded $50,000 and respondent denied that assertion on lack of information and belief. We are advised there was some evidence introduced on this subject below but that the court made no ruling as to the value of appellants' cause of action since it determined respondent was entitled to recover in full without regard to appellants' rights.

█ Labor Code section 3852[2] permits an employer or insurer (see Lab. Code, § 3850) to bring an action against a third-party tortfeasor to recover payments made as a proximate result of the injury to or death of the employee, including death benefits paid to the Department of Industrial Relations in cases of decedents without dependents. (*Breese* v. *Price* (1981) 29 Cal.3d 923, 928 [176 Cal.Rptr. 791, 633 P.2d 987]; *Travelers Ins. Co.* v. *Sierra Pacific Airlines* (1983) 149 Cal.App.3d 1144, 1155 [197 Cal.Rptr. 416]; *Associated Indemnity Corp.* v. *Pacific Southwest Airlines* (1982) 128 Cal.App.3d 898, 903-905 [180 Cal.Rptr. 685].) However, since employer and employee actions are interchangeable substantively, as well as procedurally, section 3852 "does not enlarge the tort remedy of a compensation carrier beyond that of the injured employee." (*Breese* v. *Price, supra,* 29 Cal.3d at p. 928.)

█ By contrast, although also a purely statutory right triggered by the decedent's demise, a wrongful death action under Code of Civil Procedure section 377, "is in no way a claim derived from the decedent, via the survival of a claim the decedent may have had. [Citations.]" (*Travelers Ins. Co.* v.

---

[2]Labor Code section 3852 specifies: "The claim of an employee, including, but not limited to, any peace officer or firefighter, for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, or who pays, or becomes obligated to pay an amount to the Department of Industrial Relations pursuant to Section 4706.5, may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents. The respective rights against the third person of the heirs of an employee claiming under Section 377 of the Code of Civil Procedure, and an employer claiming pursuant to this section, shall be determined by the court."

*Sierra Pacific Airlines, supra,* 149 Cal.App.3d at p. 1159.) Being original rather than derivative in nature, it is "independent of an action for recovery of funds paid out under section 3852." (*Ibid.*)

This being so, the instant proceeding involved two wholly distinct and independent causes of action: (1) the employer's right to recoupment against a third-party tortfeasor for payments it had made to the state pursuant to Labor Code section 4706.5; and (2) the right of those heirs of a deceased employee who were not his dependents and, therefore, not eligible to take under the workers' compensation law, to pursue their independent right to damages against that same tortfeasor.

■ Were it not for Labor Code section 3852 a court of law would have no interest or reason to involve itself in the determination of such competing claims. That section, however, expressly mandates that "[t]*he respective rights* against the third person of the heirs of an employee claiming under Section 377 of the Code of Civil Procedure, and an employer claiming pursuant to this section, *shall be determined by the court.*" (Italics added.)

We believe this authorization makes manifest that neither claim is to have "priority" over the other as a matter of law. Rather, we are convinced the court is required to ascertain the damages to which each claimant is entitled and then to apportion the total award accordingly. Certainly if the Legislature had intended the employer's claim always to be first satisfied, it surely could, and would, simply have so stated, thereby leaving no "rights" for the court to determine.

We recognize, of course, that a semantically reasonable argument could be made that the authors of section 3852 intended the court to weigh the "equities" of the competing claimants' rights, quite apart from their amounts, thereby allowing greater or lesser recoveries as in each instance it saw fit. We are unable to conceive, however, how one could rationally weigh the right of the State of California to partially fund its participation in the subsequent injuries fund through employer contributions against the entirely dissimilar rights of those who have suffered pecuniary damages as the result of the wrongful death of a loved one.

Our conclusion in this regard also finds support in Code of Civil Procedure section 377 itself, which provides in essentially identical language that in wrongful death actions under that section, "The *respective rights* of the heirs in any award *shall be determined by the court.*" (Italics added.) Where an award results from a compromise worked out between the heirs and the tortfeasor, it has been held that each heir is entitled "to share in the fund in the proportion that his personal damage bears to the damage suffered by the

others." (*Changaris* v. *Marvel* (1964) 231 Cal.App.2d 308, 313 [41 Cal.Rptr. 774]; *Hernandez* v. *Fujioka* (1974) 40 Cal.App.3d 294, 301 [114 Cal.Rptr. 844].)

Apparently in the case before us the court below believed the conclusion it reached was required by Labor Code section 3856. That section, however, permits an employer to be given a first lien against the amount of an employee's judgment in his action against a third-party tortfeasor in "the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under [Lab. Code] section 3852."[3] (Lab. Code, § 3856, subd. (b); see also *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]; *Harvey* v. *Boysen* (1975) 50 Cal.App.3d 756, 761 [123 Cal.Rptr. 740]; Emmer, *California Workers' Compensation and Third Party Litigation: A Survey of Recent Developments* (1983) 15 U. West L.A. L.Rev. 1, 3, 16.)

Our appellants, however, are seeking compensation for their *own* injuries and not ones *derived from* their deceased son. Consequently, the allocation of payments provisions announced in section 3856 are simply inapplicable. By way of example, if the negligent driver here had had adequate resources both the parties could have collected their damages in full and the respondent carrier would have had no right to a lien against appellant's recovery.

The judgment is reversed and the cause remanded so the trial court may determine the respective rights of the parties as specified in Labor Code section 3852. Each party shall bear its own costs on appeal.

Compton, Acting P. J., and Fukuto, J., concurred.

---

[3]Respondent at oral argument before us urged that appellants should be deemed "employees" since section 3850 of the Labor Code states that "*As used in this chapter*: [¶] (a) 'Employee' includes the person injured and any other person to whom a claim accrues by reason of the injury or death of the former." (Italics added.) Such contention, of course, is quite meritless since appellants are not claiming under Chapter 5 of the Labor Code or in any other fashion that relates to their son's status as an employee.