[No. D027546. Fourth Dist., Div. One. Sept. 9, 1998.]

EDMUND GAPUSAN et al., Plaintiffs and Respondents, v.
DAVID PATRICK JAY et al., Defendants;
CITY OF SAN DIEGO, Intervener and Appellant.

## COUNSEL

Casey Gwinn, City Attorney, Anita M. Noone, Assistant City Attorney and Deborah A. Hollingsworth, Deputy City Attorney, for Intervener and Appellant.

Dan Zeidman and James T. Biggs for Plaintiffs and Respondents.

## OPINION

**HALLER, J.**—In this personal injury action, City of San Diego (City) intervened seeking reimbursement for workers' compensation benefits it paid its employees, Police Officers Edmund Gapusan and Frederick McGee. (Lab. Code,[1] § 3852.) We conclude the trial court violated section 3860, subdivision (b) by distributing half of the $200,000 settlement proceeds to the officers under equitable apportionment principles. We reject, however, City's contention the error automatically entitles it to the entire settlement amount. While the court must adhere to the statutory scheme in allocating settlement proceeds subject to an employer's reimbursement rights, the employer's priority is subject to certain exceptions. Accordingly, we reverse the judgment and remand for a new evidentiary hearing and redistribution of the proceeds in conformance with the views expressed herein.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1994, Gapusan and McGee were seriously injured when a drunk driver, David Patrick Jay, caused his pickup truck to collide with their patrol car.

---

[1] All statutory references are to the Labor Code except where otherwise specified.

As a result, McGee was forced to retire and Gapusan was alternately off work and limited to light duty for more than two years.

Gapusan and McGee brought this action for personal injuries. Their wives, Victoria Gapusan and Kattie McGee,[2] joined and sought damages for loss of consortium. ■ ■ City intervened, seeking reimbursement for workers' compensation benefits it paid Gapusan and McGee.[3] Jay had liability insurance of $100,000 per injured person and apparently no ability to pay additional damages. ■ ■ He filed a cross-complaint in interpleader and the carrier deposited $200,000 with the court.[4] City and plaintiffs accepted the policy limits in settlement of their respective claims against Jay, but failed to agree on any apportionment of the funds.

In a hearing to resolve the matter, City claimed entitlement to the full $200,000 because the total benefits it paid the officers exceeded that amount. City declared McGee and Gapusan received compensation of $38,254.72 and $42,840.98, respectively. Additionally, McGee was entitled to disability retirement of 50 percent of his annual salary for life, adjusted for inflation, at a cost of $268,287.79 to City.

Plaintiffs argued the court may equitably apportion settlement funds when they are insufficient to fully reimburse the employer and pay the employee for pain and suffering and other losses not covered by the workers' compensation system. Gapusan and McGee submitted medical records and attested to their injuries and disabilities, and a certified public accountant declared McGee's economic losses not covered by workers' compensation exceeded $503,546.

The court agreed with plaintiffs' view and awarded City $100,000 and each plaintiff couple $50,000. Judgment was entered accordingly and this appeal followed.

---

[2] To avoid confusion, we refer to the officers' wives by their first names.

[3] To prevent double recovery, an employer is subrogated to its employee's rights against third party tortfeasors. It may "recover workers' compensation benefits it has become obligated to pay and/or has paid by (1) bringing an action directly against the tortfeasor (§ 3852), (2) joining as a party plaintiff or intervening in an action brought by the employee (§ 3853), or (3) allowing the employee to prosecute the action and then applying for a first lien against the resulting judgment or settlement. (§ 3856, subd. (b).)" (*Abdala* v. *Aziz* (1992) 3 Cal.App.4th 369, 374 [4 Cal.Rptr.2d 130], fn. omitted.)

[4] In *Abellon* v. *Hartford Ins. Co.* (1985) 167 Cal.App.3d 21, 31-33 [212 Cal.Rptr. 852] we held that absent language to the contrary in the insurance policy, an independent loss of consortium claim is not merged with the spouse's claim for personal injuries under the "per person" policy limit. Rather, the higher "per occurrence" policy limit applies. Here, the record does not include a copy of the insurance policy, but we assume it specifically provided for the merger of spouses' claims.

## DISCUSSION

### I. *Standard of Review*

■ Plaintiffs urge us to apply an abuse of discretion standard. This case, however, involves the interpretation and application of statutes in the context of undisputed facts. We thus review the purely legal questions de novo. (*Insurance Co. of North America* v. *T.L.C. Lines, Inc.* (1996) 50 Cal.App.4th 90, 94 [57 Cal.Rptr.2d 542].)

■ "Our primary aim in construing any law is to determine the legislative intent. [Citation.] In doing so we look first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708].) "Statutes must be given a fair and reasonable interpretation, with due regard to the language used and the purpose sought to be accomplished." (*Home Depot, U.S.A., Inc.* v. *Contractors' State License Bd.* (1996) 41 Cal.App.4th 1592, 1601 [49 Cal.Rptr.2d 302].)

### II. *The Court Erred in Equitably Apportioning the Settlement Proceeds*

■ City contends the trial court violated the Labor Code by distributing the settlement proceeds on equitable grounds. Section 3860, subdivision (b) states: "Except as provided in Section 3859 [inapplicable here], *the entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement* for compensation he has paid or [may] become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth." (Italics added.) As discussed more fully later, prior to the employer's reimbursement, the court is required to determine the parties' entitlement to reasonable attorney fees and other litigation expenses. (§ 3860, subds. (c)-(f).)

Plaintiffs counter that under common law principles of equitable subrogation, the trial court may ignore the plain language of section 3860, subdivision (b) and apportion inadequate settlement proceeds so the employee recovers something for pain and suffering or other damages not covered by workers' compensation law. They point out that the Labor Code's subrogation provisions are a legislative recognition of the common law doctrine of equitable subrogation, and therefore they should be construed in accordance therewith. (*Breese* v. *Price* (1981) 29 Cal.3d 923, 930 [176 Cal.Rptr. 791, 633 P.2d 987].) Plaintiffs rely on automobile insurance cases holding common law equity principles prohibit a carrier from recovering payments made

to its insured from a third party tortfeasor, where the insured had not yet been made whole. (*Sapiano* v. *Williamsburg Nat. Ins. Co.* (1994) 28 Cal.App.4th 533, 536-537 [33 Cal.Rptr.2d 659]; *United Pacific-Reliance Ins. Companies* v. *Kelly* (1983) 140 Cal.App.3d 72, 77 [189 Cal.Rptr. 323]; *Security Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227, 231-233 [107 Cal.Rptr. 439].)

We are unpersuaded. ■ Where the Legislature has "minutely described the limitations and exceptions dealing with a given subject matter," we may assume it intended to supplant any relevant common law. (*In re Marriage of Plescia* (1997) 59 Cal.App.4th 252, 261 [69 Cal.Rptr.2d 120].) ■ The Legislature has clearly provided that where, as here, a third party settlement includes the employer's reimbursable benefits, the employer's right of reimbursement takes first and full priority after the payment of litigation expenses and attorney fees, where appropriate. (§ 3860, subds. (b)-(f); *Board of Administration* v. *Glover* (1983) 34 Cal.3d 906, 912-914 [196 Cal.Rptr. 330, 671 P.2d 834]; *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 978 [138 Cal.Rptr. 220]; 1 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 1997) § 11.25[2], pp. 11-97, 11-98.) Any common law principles suggesting a different result have thus been abrogated. As another court has observed, there is "a clear legislative policy militating in favor of reimbursement whenever possible." (*Abdala* v. *Aziz, supra,* 3 Cal.App.4th at p. 377.)[5]

We also reject plaintiffs' assertion the clause "subject to" in section 3860, subdivision (b) may be interpreted to give the court discretion to equitably apportion inadequate settlement funds. The phrase "subject to" means "subordinate to." (See *Swan Magnetics, Inc.* v. *Superior Court* (1997) 56 Cal.App.4th 1504, 1510 [66 Cal.Rptr.2d 541].) "Subordinate" means "inferior in order, nature, dignity, power, importance, or the like . . . ." (Black's Law Dict. (6th ed. 1990) p. 1426, col. 1.) On its face, subdivision (b) of section 3860 gives the employer's reimbursement claim priority, after payment of litigation costs and attorney fees where appropriate. Plaintiffs' argument the provision is applicable only where settlement proceeds are

[5]The unavailability of apportionment when a case proceeds to judgment further shows the Legislature did not intend to dilute an employer's right of reimbursement through the application of common law equity principles. A judgment, just as a settlement, may be insufficient to reimburse the employer and compensate the employee for pain and suffering or other damages not fully covered by workers' compensation. Yet, after the payment of attorney fees and other costs, the employer is entitled to reimbursement from the entire amount of the judgment. (§ 3856, subds. (a)-(c).) A nonnegligent employer is not reimbursed solely from economic damages; rather, the "reimbursement payment is deducted from the entire judgment." (*Scalice* v. *Performance Cleaning Systems* (1996) 50 Cal.App.4th 221, 237 [57 Cal.Rptr.2d 711].)

adequate to fully compensate employer and employee is similarly unavailing. The implicit purpose of section 3860 is to prioritize payments when settlement funds are insufficient to satisfy all claims.

In sum, we conclude the court erred in equitably distributing a portion of the settlement proceeds to Gapusan and McGee. We reject, however, City's request that we merely award it the entire $200,000 in settlement funds. Its reimbursement right is subject to other considerations, discussed below, requiring a new evidentiary hearing and the court's redistribution of the proceeds.[6]

### III. *Loss of Consortium*

A wife's loss of consortium is comprised of her "own physical, psychological and emotional pain and anguish which results when her husband is negligently injured to the extent that he is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life. [Citations.]" (*Lantis v. Condon* (1979) 95 Cal.App.3d 152, 157 [157 Cal.Rptr. 22].) While triggered by the spouse's injury, a loss of consortium claim is separate and distinct, and not merely derivative or collateral to the spouse's cause of action. (*Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 162 [233 Cal.Rptr. 308, 729 P.2d 743]; *Rodriguez v. Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 406 [115 Cal.Rptr. 765, 525 P.2d 669]; *Lantis v. Condon, supra,* 95 Cal.App.3d at p. 157.)

Nothing in section 3860, subdivision (b) indicates the Legislature intended to deprive an employee's spouse of any recovery for separate loss of consortium claims where, as here, there is an unallocated settlement with the third party tortfeasor. Further, we cannot imply such intent from the workers' compensation scheme. The primary purpose of allowing an employer to obtain reimbursement is to prevent the employee's double recovery. (*Sea-Land Service, Inc. v. Workers' Comp. Appeals Bd.* (1996) 14 Cal.4th 76, 82 [58 Cal.Rptr.2d 190, 925 P.2d 1309]; *O'Dell v. Freightliner Corp.* (1992) 10 Cal.App.4th 645, 653 [12 Cal.Rptr.2d 774].) A spouse's retention of settlement funds for loss of consortium damages, for which an employer has no liability (*Gillespie v. Northridge Hosp. Foundation* (1971) 20 Cal.App.3d 867, 870-871 [98 Cal.Rptr. 134]), does not violate the rule against double recovery. Put another way, an employer simply has no subrogation rights to a spouse's loss of consortium claims.

---

[6]We invited the parties to submit supplemental letter briefs addressing the trial court's authority to apportion the settlement proceeds on other than purely equitable grounds. We have taken their responses into consideration.

■ While "joinder in one action is 'the preferred method for asserting a claim of loss of consortium . . . .' [citation], an action for loss of consortium can be maintained independently of the action by the physically injured spouse. [Citation.]" (*Evans* v. *Dayton Hudson Corp.* (1991) 234 Cal.App.3d 49, 54-55 [285 Cal.Rptr. 550].) ■ Had Victoria and Kattie filed a separate action, City obviously could not have intervened or obtained any reimbursement from a judgment or settlement. The fact that they voluntarily joined their causes of action with those of their husbands, and agreed to a global settlement, should not change the result.

An employer is entitled to press its reimbursement claims only against a judgment or settlement in favor of its employee. ■ Where a settlement is in satisfaction of both the employee's claims and independent claims, such as ones for loss of consortium, the court must first ascertain the damages to which each plaintiff is entitled and then apportion the settlement.[7] (See *Eli* v. *Travelers Indemnity Co.* (1987) 190 Cal.App.3d 901, 905 [235 Cal.Rptr. 704].) In *Eli,* the court held the employer did not have priority where a $50,000 insurance policy limit was paid in satisfaction of the independent claims of the workers' compensation carrier and the employee's parents, nondependent heirs who had wrongful death claims under Code of Civil Procedure former section 377 (now section 377.60). ■ In that instance, the employer and the heirs enjoyed equal priorities.[8] Such is the case here with City and the officers' wives.

City, in fact, essentially concedes the trial court had authority to allocate a portion of the settlement funds to Victoria and Kattie for their loss of consortium claims. It complains, however, that they failed to present any evidence in support. This is correct, but such evidence may be submitted on remand. ■ " '[A]n unqualified reversal remands the cause for a new trial [citation], and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable.' [Citations.]" (*Hall* v. *Superior Court* (1955) 45 Cal.2d 377, 381 [289 P.2d 431].)

IV. *Litigation Expenses and Attorney Fees*

■ On remand, the court must also determine whether attorney fees and other litigation costs should be deducted from the settlement proceeds before

---

[7]In order to determine the settlement percentages to which the parties are entitled, their individual damages are divided by the total damages. For instance, if the damages of an employee and independent claimant are $200,000 and $50,000, respectively, the employee is allocated 80 percent of the settlement and the other claimant is entitled to 20 percent of it.

[8]As City points out, *Eli* concerned section 3852's express direction to the trial court to determine the "rights of the heirs of an employee claiming under Section [377.60] of the Code of Civil Procedure and the employer claiming pursuant to [this] section . . . ." We reject the notion the court is unauthorized to apportion a settlement in any other context.

City is reimbursed. ■ Ordinarily, parties are responsible for their own attorney fees. (Code Civ. Proc., § 1021.) "But an established exception to this rule is the so-called 'common fund doctrine.' [Citation.] That is, a party who expends attorney fees in winning a lawsuit which creates a fund from which others derive benefits may require those passive beneficiaries to bear a fair share of the litigation costs. The amount of the judgment owing to the passive beneficiary may be reduced to compensate the active litigant for his [or her] attorney fees. [Citation.]" (*Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1276 [232 Cal.Rptr. 629].)

■ Under section 3860, the trial court must set reasonable attorney fees and costs based on efforts which created a common fund.[9] ■ Where settlement is effected solely through the efforts of the employee's attorney, the employer is a passive beneficiary and its reimbursement rights are

[9]Section 3856 extends the common fund doctrine to recovery obtained by judgment, as opposed to settlement. Sections 3856 and 3860 codify identical results regarding the apportionment of attorney fees and other litigation costs. Opinions discussing 3856 are therefore applicable to the instant case. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 176, fn. 20 [124 Cal.Rptr. 1, 539 P.2d 761]; *Raisola* v. *Flower Street Ltd.* (1988) 205 Cal.App.3d 1004, 1008, fn. 1 [252 Cal.Rptr. 726].)

Section 3860 provides in relevant part:

"(c) Where settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employee's attorney, for his [or her] services in securing and effecting settlement for the benefit of both the employer and the employee.

"(d) Where settlement is effected, with or without suit, solely through the efforts of the employer's attorney, then, prior to the reimbursement of the employer as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employer's attorney, for his [or her] services in securing and effecting settlement for the benefit of both the employer and the employee.

"(e) Where both the employer and the employee are represented by the same agreed attorney or by separate attorneys in effecting a settlement, with or without suit, prior to reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented. . . .

"(f) The amount of expenses and attorneys' fees referred to in this section shall, on settlement of suit, or on any settlement requiring court approval, be set by the court. . . . Where the employer and the employee are represented by separate attorneys they may propose to the court . . . , for consideration and determination, the amount and division of such expenses and fees."

subject to reasonable fees and expenses for "services in securing and effecting settlement for the benefit of both the employer and the employee." (§ 3860, subd. (c).) "[I]f the employer receives his fair share of the recovery, he must bear his fair share of the cost of the recovery." (*Quinn* v. *State of California, supra,* 15 Cal.3d at p. 176.) Where the settlement is insufficient to satisfy the employer's claim and compensate counsel, the attorney fees and costs take priority. (*Id.* at p. 175, fn. 17.)

The same standard is applied where settlement is achieved solely through the efforts of the employer's attorney. (§ 3860, subd. (d).) "After fixing the amount of the attorney fee award, the trial court must apportion the fee award between the parties benefitted by the recovery; in doing so, the trial court must decide to what extent the passive beneficiary should contribute to the litigation expenses and fees which created the recovery fund. [Citation.]" (*Walsh* v. *Woods, supra,* 187 Cal.App.3d 1273, 1277.)

 The common fund doctrine, however, is inapplicable where there are no passive beneficiaries. Thus, where both parties' attorneys "actively participated" in effecting the settlement, section 3860 provides that the fee awards of each attorney are "based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented." (§ 3860, subd. (e).) "Accordingly, the amount of the award to each attorney will be based on the efforts of the attorney for his own client. The doctrine of apportionment does not apply therein; each attorney fee award comes out of each party's own share of the recovery. '[W]hen each party separately employs his own attorney . . . the statute direct[s] the court to relinquish this duty of equitable apportionment . . . . [Citations.]' "[10] (*Walsh* v. *Woods, supra,* 187 Cal.App.3d at p. 1278; see also *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 318 [21 Cal.Rptr.2d 284], disapproved on other grounds in *Phelps* v. *Stostad* (1997) 16 Cal.4th 23, 34 [65 Cal.Rptr.2d 360, 939 P.2d 760]; *Hartwig* v. *Zacky Farms* (1992) 2 Cal.App.4th 1550, 1554 [3 Cal.Rptr.2d 828]; *Kavanaugh* v. *City of Sunnyvale* (1991) 233 Cal.App.3d 903, 914-915 [284 Cal.Rptr. 698]; 1 Herlick, Cal. Workers' Compensation Law (5th ed. 1996) § 12.13, p. 12-28.)

The question of "active participation" is a matter of proof for the trial court. (*Walsh* v. *Woods, supra,* 187 Cal.App.3d at p. 1278) "[T]he mere

---

[10]Plaintiffs cite *Summers* v. *Newman* (1997) 53 Cal.App.4th 1513 [62 Cal.Rptr.2d 400], review granted July 9, 1997 (S061421), for the proposition that where both parties' attorneys have actively participated, their fees are deducted from the settlement before the employer's lien is satisfied. That case, however, has been accepted for review and thus provides no precedent. The other case plaintiffs cite, *Griffith* v. *Workers' Comp. Appeals Bd.* (1989) 209 Cal.App.3d 1260, 1262-1263 [257 Cal.Rptr. 813], is also inapplicable because the employer there was a passive beneficiary of plaintiff's efforts.

retention of separate counsel is not enough to defeat the common fund doctrine. . . . Nominal participation will not suffice." (*Ibid.*, citations omitted; see also, *Kaplan v. Industrial Indem. Co.* (1978) 79 Cal.App.3d 700, 709 [145 Cal.Rptr. 219] [filing a lien or complaint insufficient]; *Kavanaugh v. City of Sunnyvale, supra,* 233 Cal.App.3d at p. 915 [token appearance insufficient]; *Kindt v. Otis Elevator Co.* (1995) 32 Cal.App.4th 452, 460 [38 Cal.Rptr.2d 121] [evidence did not show " 'conscientious attempt' " to advance client's interests].) If the employer "desires to avoid apportionment, it must provide the trial court with sufficient factual detail to establish that its activities constituted a conscientious effort in the circumstances to address the substantive issues encompassed by the lienholder's case. [Citation.] Whether the showing . . . in any one instance constitutes substantial evidence of active participation will necessarily turn upon the particular facts and events involved in the action."[11] (*Hartwig v. Zacky Farms, supra,* 2 Cal.App.4th at p. 1557.)

## V. *Summary re Calculations on Remand*

On remand, the trial court must first determine whether any amount of the $100,000 settlement per couple should be allocated to the loss of consortium claims, in accordance with our earlier discussion. Only the portions of the settlement allocated to the officers are subject to City's reimbursement claims.[12] The court must then determine whether City's counsel actively participated in effecting the settlement. If not, before City's reimbursement, the court shall fix reasonable attorney fees and costs, and then determine to what extent City should contribute to plaintiffs' creation of the common fund. If City's attorney did actively participate, its right of

---

[11]City asserts plaintiffs waived the right to attorney fees and other costs by failing to comply with California Rules of Court, rule 870(a)(1), which provides: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." The provision is inapplicable because there was no underlying judgment here from which to make a "prevailing party" determination. Rather, the proceeding below was limited to the court's consideration of how the settlement funds should be distributed under section 3860, which necessarily should have included a consideration of entitlement to attorney fees and costs. Obviously, no post-hearing motion for fees and costs is customarily required.

[12]We note the record shows the settlement consisted of a $100,000 policy limit per injured person or couple. City paid $42,840.98 in benefits to Gapusan, thus it was entitled to reimbursement of no more than that amount from his share of the settlement proceeds. The court, however, at plaintiffs' suggestion, awarded City $50,000 reimbursement from Gapusan. On remand, City's reimbursement is confined to workers' compensation benefits actually incurred for Gapusan. Contrary to City's view, the mere fact that the officers joined in bringing suit does not expose Gapusan's settlement funds to City's reimbursement claims for McGee.

reimbursement takes priority and the parties must shoulder their own attorney fees and costs from their respective shares of the recovery, if any.[13]

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for a new evidentiary hearing and redistribution of the $200,000 settlement proceeds in conformance with this opinion. All parties to bear their own costs.

Kremer, P. J., and Work, J., concurred.

---

[13]Because the benefits City paid McGee substantially exceed the settlement amount, he would receive no recovery from which his counsel's fees could be satisfied should the court determine City's attorney actively participated in the case. We also point out, however, that if the court determines City was a passive beneficiary of plaintiffs' efforts, McGee's counsel is entitled to reasonable attorney fees and litigation costs even though McGee would receive no net recovery. (*Crampton* v. *Takegoshi, supra,* 17 Cal.App.4th at pp. 318-319.)